IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEBBIE CLIFTON, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 92-CV-2667 |
| | : | |
| DONALD T. VAUGHN, et al., | : | |
| Respondents. | : | |

**M E M O R A N D U M**

J. WILLIAM DITTER, JR., J.                                                                    August 24, 2015

Presently before me is Petitioner's *pro se* "Motion to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed.R.Civ.P. Rule 60(b)." Petitioner argues that he is entitled to relief pursuant to the decisions in *Martinez v. Ryan*, 566 U.S. _ , 132 S. Ct. 1309 (2012), and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). For the reasons that follow, Petitioner's Rule 60 motion will be denied.

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 Fed. Appx. 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule

60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). "As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances' excuse the [party's] failure to proceed sooner." *Ortiz v. Pierce*, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014) (*citing Ackerman v. United States*, 340 U.S. 193, 202 (1950)).

I conclude that Petitioner's instant Rule 60(b) motion, in which he seeks relief from my December 23, 1992 order denying his petition for *habeas corpus* relief, was not filed within a reasonable time. Petitioner filed the instant motion more than 22 years after the entry of my Order denying his petition for *habeas corpus* relief.[1]

In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *Martinez* effected a change in the Supreme Court's *habeas corpus* jurisprudence, which previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage that would excuse procedural default of a petitioner's claim. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Recognizing this, in *Cox*, the Court of Appeals provided guidance for district courts considering *Martinez* based Rule 60(b) motions in *habeas* cases and remanded the petitioner's

---

[1] Petitioner's 1992 *habeas corpus* petition attacked a 1976 conviction out of the Philadelphia Court of Common Pleas for first degree murder and other offenses.

Rule 60(b) motion to the district court for reconsideration in light of that guidance. *Cox,* 757 F.3d at 124.

In *Cox,* the Court of Appeals made clear "at the outset that one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis . . . is whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision." *Cox,* 757 F.3d at 115-16. The panel did not provide a specific time frame that it deemed reasonable, stating only that the petitioner's motion, which was filed 90 days after the *Martinez* decision, "[w]as close enough to that decision to be deemed reasonable." *Id.* at 116. However, the panel warned that "unless a petitioner's motion for 60(b)(6) relief based on *Martinez* was brought within a reasonable time of that decision, the motion will fail." *Id.*

The Supreme Court filed its opinion in *Martinez* on March 20, 2012. Petitioner filed the instant Rule 60 motion on July 21, 2015, more than three years after *Martinez* was decided and any possible exception to the rule barring procedurally defaulted claims was created. Petitioner claims that he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S. § 9545(b)(2), on May 15, 2012, and that because he did so his *Martinez* claims are properly filed.[2] However, Petitioner is incorrect. Petitioner seeks to vacate an order of this court and relies on *Martinez* in support of this position. Therefore, he was required to timely file his Rule 60 motion in this court. Although Petitioner also argues that the instant motion was filed within a year of the issuance of *Cox*, his reliance thereon is misplaced. *Cox* simply provides courts with guidance to analyze *Martinez* claims and does not provide any basis for relief where, as here, a Rule 60(b) motion seeking relief under *Martinez* is not filed within a reasonable time

---

[2] Petitioner's PCRA petition is still pending in state court.

and no extraordinary circumstances are presented.

In any event, Petitioner's claims do not merit relief under *Martinez*. As the Third Circuit has recently noted, "*Martinez* made very clear that its exception to the general rule of *Coleman* applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals." *Norris v. Brooks*, 2015 WL 4509368, at *4 (3d Cir. July 27, 2015). Because Petitioner's claim of ineffective assistance of trial counsel was presented on initial collateral review and only waived on collateral appeal, *Martinez* does not justify relief under Rule 60(b)(b). *Id.*

A certificate of appealability shall issue only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made such a showing with respect to his motion. Therefore, a certificate of appealability will not issue.

An appropriate Order follows.